```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PETER TOKAR,
```
|                                       |                                       |
|---------------------------------------|---------------------------------------|
| Plaintiff,                            | **REPORT AND RECOMMENDATIONS**        |
| -against-                             | CV 08-4573(ADS)(ARL)                  |

```
8 WHISPERING FIELDS ASSOCIATES, LTD.,
et al.,

                        Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Following the entry of a default judgment against defendants 8 Whispering Fields Associates, Ltd., William Soehl, R.A. and Rooska Home Improvement Development, District Judge Spatt referred this matter to the undersigned for the purpose of issuing a report and recommendation as to the appropriate amount of damages and attorney's fees to be awarded. On January 22, 2010, the undersigned issued a Report and Recommendation recommending that the district court award plaintiff $2,790 in attorneys' fees and $630 in costs, but further recommended that plaintiff's claim for damages be denied with leave to renew. On February 16, 2010, the district court adopted the undersigned's report in its entirety. In addition, the district court informed plaintiff that if he filed a renewed application for damages, he "must either indicate his intention to pursue statutory damages or provide evidence of his actual damages." (Order, dated February 16, 2010, J. Spatt, at 2.) Thereafter, on March 10, 2011, plaintiff filed an Amended Statement of Damages in which he seeks statutory damages under 17 U.S.C. § 504(c)(1). District Judge Spatt has re-referred this matter to the undersigned for an inquest as to the statutory damages.

## DISCUSSION

The relevant background is set forth in the undersigned's Report and Recommendation

dated January 22, 2010, which was adopted by the district court on February 16, 2010, familiarity with which is presumed. For present purposes, it is sufficient to note that by virtue of defendants' default, the uncontested evidence demonstrated that plaintiff is the owner and creator of architectural plans for a high end residential home known as the Model Home at Kellis Pond. (Compl. ¶ 8.) Plaintiff's plans contain copyrighted material, for which plaintiff has received a registration from the federal Copyright Office[1]. (*Id.* ¶¶ 9-10.) Defendants infringed one of plaintiff's copyright protected work when, beginning in February 2003, defendants utilized plaintiff's architectural plans without his permission to replicate a residential home a few miles away from the original home he designed. (*Id.* ¶¶ 12-13; Docket Entry 11 ¶ 5.) In its previous Report and Recommendation, the court found that defendants had violated plaintiff's exclusive rights over his protected architectural work by copying his designs without permission, *see* 17 U.S.C. § 106 (setting forth exclusive rights in copyrighted works); 17 U.S.C. § 501 (setting forth the basis for an infringement claim), and that plaintiff is entitled to an award of damages.

Plaintiff now seeks statutory damages[2] under 17 U.S.C. § 504(c)(1) in the amount of

---

[1] In his Amended Statement for Damages, dated March 10, 2011, plaintiff submitted a copy of his Certificate of Registration for the plans, drawings and schematics designs at issue.

[2] In his Amended Statement for Damages, dated March 10, 2011, plaintiff states that because "it is difficult to assess specific value to the damages where the decrease in the value of [p]laintiff's work is speculative in nature, the [p]laintiff is hereby seeking [s]tatutory damages." (Amended Statement for Damages, dated March 10, 2011, ¶ 15.) In a further submission, plaintiff states "the violation of my intellectual and exclusive creative design has impaired and undermined the uniqueness of this particular design and creative work," and "[i]t is not unreasonable to say that this impairment in my intellectual work cannot otherwise be precisely valued, and therefore statutory damages are appropriate in the present case." (Tokar Aff., dated June 8, 2011, ¶¶ 8, 10.) Plaintiff also states he is seeking actual damages, or in the alternative, statutory damages, (Tokar Aff., dated June 8, 2011), however his submission for actual damages suffers the same difficulties in proving actual damages as in his initial application, viz. evidence that the market value of his designs have been completely or even partially diminished by defendants' copying. *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1118 (2d

$30,000 against each of the defendants[3].

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, . . . or (2) statutory damages as provided under subsection (c)." 17 U.S.C. § 504(a). Plaintiff has elected to recover statutory damages in lieu of actual damages for defendants' infringement. Section 504(c) of the Copyright Act provides that:

> [a] copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000, as the court considers just.

17 U.S.C. § 504(c)(1). If the "infringement was committed willfully," however, the court may increase the award of statutory damages to a sum of up to $150,000. *Id.* § 504(c)(2). "Statutory damages are calculated according to the number of copyrighted works infringed, rather than the number of infringements of each copyrighted work." *Buttnuggest Publishing v. Radio Lake Placid, Inc.*, No. 8:11-CV-318 (MAD/RFT), 2011 WL 3439162, at *7 (N.D.N.Y. Aug. 5, 2011) (citations omitted). Plaintiff has made no evidentiary showing that defendants' violation was willful. Accordingly, plaintiff has not met his burden in proving that he is entitled to an award of

---

Cir. 1986). The court acknowledged in its previous Report and Recommendation the difficulty in proving actual damages where the decrease in value of a plaintiff's work is speculative in nature and defendants are unavailable to provide evidence, and observed that it is precisely for this reason that the Copyright Act permits prevailing parties to recover statutory damages rather than actual damages. *See Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc.*, 329 F.2d 194, 195-96 (2d Cir. 1964). Accordingly, the undersigned considers plaintiff's application in the alternative for statutory damages.

[3]Although plaintiff seeks a statutory award of damages against each defendant individually for the copyright infringement of his designs, under the clear language of the Copyright Act, plaintiff is not entitled to such an award. Defendants are liable jointly and severally with respect to their infringement of plaintiff's single work. 17 U.S.C. § 504(c)(1).

enhanced damages.

The court has broad discretion in determining an award of damages within the statutory range. *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986); *see Musical Prods., Inc. v. Roma's Record Corp.,* No. 05-CV-5903 (FB)(VVP), 2009 WL 3052630, at *5 (E.D.N.Y. Sept. 23, 2009). To assess statutory damages for copyright infringement, "courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). "[T]he Second Circuit has made it clear that statutory damagaes are designed not only to compensate injuries sustained but also to discourage wrongful conduct." *Realsongs, Universal Music Corp. v. 3A North Park Avenue Rest. Corp.,* 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) (observing that "courts have awarded statutory damages of more than double the amount of unpaid licensing fees especially in circumstances where the infringement was not innocent"); *cf. Buttnuggest Publishing*, 2011 WL 3439162, at *7 ("to put infringers on notice that it costs less to obey the copyright laws than to violate them, . . . a statutory damage award should significantly exceed the amount of unpaid license fees") (internal quotation marks and citation omitted).

In the instant case, it is appropriate for plaintiff to receive the maximum amount of non-willful statutory damages for the copyrighted work infringed by defendants. The award of the maximum amount of damages is supported by, inter alia, "the revenues lost by plaintiff as a result of defendant[s'] conduct," *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992), losses due to damage to plaintiff's reputation because of the infringement,

4

*Musical Prods., Inc.*, 2009 WL 3052630, at *7, and "the deterrent effect on others besides the defendant[s]," *Fitzgerald Pub. Co. v. Baylor Pub. Co.,* 807 F.2d 1110, 1117 (2d Cir. 1986); *see Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113-14 (2d Cir. 2001). While the exact amount of revenues lost by plaintiff is undeterminable, plaintiff has submitted a copy of the design work agreement dated August 22, 2002 that indicates that plaintiff charged $15,000 to his original client for a "one-of-a-kind" high-end home and that the fee was to be adjusted should size or scope of the project change from what was stated in the agreement. (Tokar Aff., dated June 8, 2011, ¶ 1, Ex. A.) In his affidavit, plaintiff states that the "design work and services originally contemplated under the August 22, 2002 agreement was expanded and the original concept and design was enhanced, revised and modified well beyond the value of the original agreement." (*Id.* at ¶ 2.) The plaintiff retained all rights, title and interest in the architectural drawings. (*Id.* at ¶¶ 4-5.) In a signed statement (Docket Entry No. 11, ¶ 3) and his Amended Statement for damages (Docket Entry No. 15, ¶ 3), plaintiff states that his labor in producing the drawings totaled a value of no less than $34,000. (Docket Entry Nos. 11, 15, ¶ 3.) Further, plaintiff suffered financial losses that are not easily quantified. The improper replication of the original home impaired plaintiff's exclusive design and underminded its uniqueness, damaged his reputation and cost plaintiff the loss of securing any further work from this client, and inured to the financial benefit of defendants. (*Id.* at ¶¶ 7-8.) Finally, while plaintiff does not seek a willfulness enhancement, it is appropriate for the court to consider the inference of willfulness based on defendants' default in determining the amount of damages within the statutory award range. *See, e.g., Hounddog Prods., L.L.C. v. Empire Film Group, Inc.,* No. 09 Civ. 9698 (VM)(JLC), 2011 WL 4336694, at *7 (S.D.N.Y. Sept. 16, 2011) ("[c]ourts frequently infer willfulness where a defendant defaults"); *Choloe v. Zarafshan,* 06 Civ. 3140, 2009 WL 2956827,

5

at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfullness may be established by a party's default because an innocent party would presumably have made an effort to defend itself"); *cf. Microsoft Corp. v. AGA Solutions, Inc.,* No. 05 CV 5796 (DRH) (MLO), 2010 WL 1049219, at *1 (E.D.N.Y. Mar. 22, 2010) (same). Accordingly, on this record, the undersigned recommends that the Court award plaintiff statutory damages against defendants, jointly and severally, in the amount of $30,000 for their infringement.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of this Report and Recommendation on the defendants by certified mail at their last-known addresses, return receipt requested, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 13, 2011

                                                             /s/
                                     ARLENE R. LINDSAY
                                     United States Magistrate Judge